# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER W. WEBB,
)
Petitioner,
)
v.
) Case No. CIV 11-269-RAW-KEW
GARY McCOOL,
)
Respondent.
)

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, filed this petition while he was a pretrial detainee in the Atoka County Jail. He claimed he was being denied the right to a speedy trial in Bryan County District Court Case Nos. CF-2009-386, CF-2009-387, CF-2009-434, and CM-2008-535, raising the following grounds for relief:

I. Denial of fast and speedy trial for more than two years.

II. Denied compulsory process--subpoena of witnesses, phone records, dispatch records, and/or denial of expert witness.

III. Denial of effective counsel--due process--State's failure to disclose/ share exculpatory evidence.

The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust his state court remedies. "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citations omitted). "[A]n attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted." *Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993) (citations omitted).

On July 12, 2011, petitioner filed a pro se petition for a writ of mandamus with the

Court of Criminal Appeals, which declined jurisdiction for his failure to follow Rule 10.1(A), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch.18, App. (2011), by first seeking and being denied relief in the state district court. *Webb v. Powers*, No. MA-2011-626 (Okla. Crim. App. Aug. 17, 2011). On September 16, 2011, petitioner filed through counsel a motion to dismiss Bryan County District Court Case No. CF-2009-386, alleging he had been denied a speedy trial. Petitioner's other cases were not included in the motion. At the time the respondent filed his motion to dismiss this federal habeas action, the state district court had not ruled on petitioner's motion. A review of the docket sheet for Case No. CF-2009-386, however, indicates that on September 22, 2011, the trial court denied petitioner's motion to dismiss that case. *See* http://www.oscn.net. His trial in that case was held on September 27, 2011, and he was found guilty of one count. Petitioner has not alleged he appealed the denial of his motion to dismiss Case No. CF-2009-386 to the Oklahoma Court of Criminal Appeals, so the claim is unexhausted.

Petitioner also has filed a supplemental brief, alleging the trial court had denied his Writ for a Fast, Fair, and Speedy Trial, Dismissal, or an Evidentiary Hearing in Case Nos. CF-09-387, CF-09-434, and CM-08-535. Again, there is no assertion that the denial of his motion was appealed to the Court of Criminal Appeal or that he has otherwise exhausted the available state court remedies for his speedy trial claims for these cases. Therefore, the court finds petitioner has failed to exhaust his state court remedies for his speedy trial claims.

Regarding petitioner's remaining claims about compulsory process, discovery, and ineffective assistance of counsel, federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45)). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists

2

(1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

The federal judiciary must presume that state courts are capable of establishing and administering judicial processes that are wholly consistent with the United States Constitution, and also must presume that "state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Here, the court finds all three *Younger* conditions are met, so abstention is required for petitioner's claims concerning compulsory process, discovery, and ineffective assistance of counsel.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket No. 12] is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this ___15th___ day of August 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**

3